UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 08-10298-DPW |
| | ) | |
| FELIX SERRANO, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER
March 19, 2014

A post conviction motion (#139) to vacate the conviction in this matter under 28 U.S.C. § 2255 remains outstanding before me. The grounds are a purported failure of his counsel to advocate effectively for a lower sentence. Finding the claims to be without merit, I will deny the motion and direct the Clerk to dismiss the defendant's post conviction challenge.

The defendant pled guilty to a minimum mandatory sentence under Fed. R. Civ. P. 11(c)(1)(C). It was the most favorable sentence I could legally impose and I did so after being persuaded by defense counsel that the higher guideline range would overstate the defendant's role in the offense. The petitioner's factual claims were all effectively waived because he is bound by his agreement and the statements he ratified

-1-

during his plea hearing.  His aggravating role was essentially conceded and under the circumstances, he was not entitled to safety-value reduction.  There is no ineffective assistance when there is no basis for avoiding a mandatory minimum sentence.  There was neither deficient performance by counsel, nor can any conceivable errors be viewed as prejudicial.  *See generally, Strickland* v. *Washington,* 466 U.S. 668 (1984).

For these reasons, briefly stated, the motion (#139) under 28 U.S.C. § 2255 to vacate, set aside or correct the defendant's sentence is DENIED.  The Clerk is directed to DISMISS this post-conviction challenge.  I decline to issue a certificate of appeal ability.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT